STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

SHERRY C. WHITE,
Claimant Below, Petitioner

**FILED**

November 29, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)    No. 16-0058 (BOR Appeal No. 2050606)
                (Claim No. 2014033683)

PRINCETON COMMUNITY HOSPITAL ASSOCIATION,
Employer Below, Respondent

MEMORANDUM DECISION

Petitioner Sherry C. White, by Jerome J. McFadden, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Princeton Community Hospital Association, by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2015, in which the Board affirmed a June 17, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges granted Princeton Community Hospital Association's Motion to Dismiss. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. White, a surgical technician, alleges that she injured her shoulder in the course of her employment. On her first employees' and physicians' report of injury, dated May 16, 2014, Ms. White stated that she injured her left shoulder from constant lifting of heavy surgical trays and patients. The physician's section lists the injury as an occupational disease and the diagnosis as left shoulder strain due to repetitive heavy lifting. Treatment notes from Princeton Community Hospital on May 16, 2014, indicate Ms. White was seen in the emergency room for left shoulder pain present for two months. It was noted the visit was for an accident. She reported that she had ongoing pain from lifting very heavy patients and repetitive motions. She stated she was

1

informed by an orthopedist that she needed to file a workers' compensation claim because the injury was result of her job duties.

The case was reviewed on May 27, 2014, by Rebecca Thaxton, M.D. Dr. Thaxton opined that the medical documentation provided did not support a work-related left shoulder sprain/strain. She stated that there was no medical or clinical exam of Ms. White submitted nor was there a detailed job description provided. Randall Short, D.O., agreed in his May 30, 2014, physician review. He found no evidence in the job description provided that Ms. White's job requirements resulted in a repetitive type injury of the left shoulder. Based on their opinions, the claims administrator rejected the claim on June 3, 2014.

On June 6, 2014, Ms. White was treated by Frederick Morgan, D.O. Dr. Morgan indicated that Ms. White injured her shoulder a month prior while lifting a heavy patient's leg during surgery. He diagnosed left shoulder pain, history of injury, and failure of conservative measures. On August 29, 2014, Ms. White submitted a second application for benefits. In the employees' and physicians' report of injury, she indicated she injured her left shoulder on May 16, 2014, while moving an obese patient. She stated that when she laid the patient's leg down, her left shoulder popped. The physician's section, signed by Dr. Morgan, lists the injury as an occupational injury.

On November 10, 2014, the claims administrator sent a letter to Ms. White informing her that it had received a November 7, 2014, request for a new ruling in the claim for an occupational injury as opposed to an occupational disease. The claims administrator stated that in claim number 2014009409 with a date of injury of May 16, 2014, the claims administrator clearly stated the disability complained of was not the result of an injury or disease received in the course of employment. It stated that it considered both options in its decision and a new claim decision was unwarranted.

A hearing was held before the Office of Judges on March 13, 2015, in which counsel for Ms. White argued that occupational diseases and occupational injuries are two separate entities. They have different elements of proof, different deadlines for filing, and are established in different statutory provisions. He argued the claims administrator decided the occupational injury claim before it was even filed because it included a denial of an occupational disease or injury when Ms. White filed her claim for an occupational disease. The claims administrator argued that this case does not involve separate claims. The injury involves the same incident, on the same day, to the same body part. It is therefore one claim. The first claim was denied and the protest period passed. It stated that Ms. White even wrote a statement saying she was not protesting the decision. It asserted that she is merely attempting to get her claim heard for a second time, which is not allowed.

The Office of Judges granted Princeton Community Hospital Association's Motion to Dismiss on June 17, 2015. It found that though Ms. White argued that the first request for benefits was filed as an occupational disease claim, a review of the form shows that her portion of the form makes no distinction between an occupational disease and a traumatic injury. The form does not ask the claimant which kind of injury it was. It does ask the physician, and in this

case, the injury was listed as an occupational disease due to repetitive heavy lifting. The Office of Judges found that Dr. Short reviewed the application and opined that there was no evidence that her job duties resulted in a repetitive type injury. He therefore concluded the claim was properly denied. The claims administrator rejected the first claim. The Office of Judges stated that if Ms. White disagreed with the decision, she had the right to file a protest before the Office of Judges and to file evidence to support her claim. She chose not to do so. The Office of Judges found that Ms. White did not file her second application until approximately thirty-six days after the period for filing a protest had expired. In the second application, a different physician, Dr. Morgan, stated it was an occupational injury; however, Ms. White's section is essentially the same as the first, indicating she stopped working on the same date for pain in the same body part.

The Office of Judges acknowledged some differences between the forms. The second application listed a date of injury and the description of the injury changed from constant lifting of heavy surgical trays and patients to moving a patient to a stretcher and felt her left shoulder pop. However, the Office of Judges disagreed with Ms. White's assertion that she should be able to file a second application for an occupational injury instead of a disease. The Office of Judges found that her first application was properly addressed by the claims administrator. She had the right to protest that decision if she disagreed and she failed to do so in the allotted time period. The Office of Judges concluded that the claims administrator already ruled on the application for benefits relating to her left shoulder injury with a date of last exposure/injury of May 16, 2014. The claims administrator's decision was based upon the assumption of an occupational disease, as Ms. White's physician indicated on the form. Nevertheless, Ms. White failed to protest the denial and is not entitled to a second attempt by asserting an argument or legal theory she could have, but failed to make, in her initial claim application. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 22, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Ms. White is attempting to get a second ruling for the same claim for an injury to the same body part on the same day. She had the opportunity to protest the claims administrator's denial of her first application for benefits and failed to do so within the allowed time frame. She does not now get a second chance with a new legal theory. The motion to dismiss was properly granted.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

3

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II